UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COVIDSCAN, LLC** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 22-5411** |
| **BRIAN BARR ET AL.** | * | **SECTION L** |

### ORDER & REASONS

Before the Court is a motion by Plaintiff CovidScan LLC ("CovidScan" for summary judgment. R. Doc. 25. Having considered the briefing and the applicable law, the Court rules as follows.

**I.   BACKGROUND**

This case arises out of an alleged breach of contract by Defendant Brian Barr, a domiciliary of Pennsylvania and two entities: B&B Products Manufacturing, a single-member LLC of which Barr is the only member, and which is domiciled in Pennsylvania; and Carribean Mist Products, a business entity of unknown form that is also linked with Defendant Barr. R. Doc. 1 at 1.

Plaintiff CovidScan, an LLC domiciled in St. Tammany Parish, Louisiana, alleges that it was introduced to Barr in November 2021 so that Barr could purchase COVID-19 testing kits through CovidScan. *Id.* at 2. Plaintiff alleges that Barr arranged telephone conferences with potential clients, including Walgreens, Gerrity's Supermarkets ("Gerrity's"), and SuperFresh Markets ("SuperFresh"). Plaintiff alleges that Barr represented that he was personal friends with Joe Fasula ("Fasula"), the owner of Gerrity's. Plaintiff alleges that, on December 23, 2021, it provided a quote for over-the-counter testing kits; subsequently, on December 27, 2021, Barr placed an order on behalf of Gerrity's for one pallet of tests each for two store locations. Plaintiff alleges that CovidScan invoiced Gerrity's; Gerrity's paid Barr and then Barr paid Plaintiff

$105,840.00. *Id.* at 3. However, "for reasons beyond CovidScan's control" the shipping time increased to multiple weeks, and Plaintiff alleges that Barr did not want to tell his buyers of this delay. Additionally, Plaintiff alleges that on December 29, 2021, SuperFresh placed an order for one pallet of OTC tests, for which CovidScan invoiced Barr and Barr invoiced SuperFresh $26,460.00. *Id.*

Plaintiff alleges that, due to the delay in the shipment, Barr asked if CovidScan would reimburse both clients to help him maintain his personal and business relationships with them. *Id.* at 4. Plaintiff alleges that it reimbursed the money but kept orders in the queue with its supplier. *Id.* On February 2, 2022, Plaintiff alleges, it shipped orders to Gerrity's and SuperFresh, which were signed for. *Id.* Plaintiff alleges that the Gerrity's order was short 2,794 test kits, so Barr subsequently asked for more, and Plaintiff shipped those. *Id.* at 5. Plaintiff alleges they were signed for on February 22, 2022. *Id.* Plaintiff alleges that Barr asked if he could return the test kits because of the delays in shipping, and Plaintiff informed Barr that the FDA prevented returns. *Id.* Ultimately, Plaintiff alleges, Barr wired it $51,600 for the February 2, 2022 delivery to Gerrity's. *Id.* However, Plaintiff alleges that Barr never paid it for the $39,120 balance on that order, or for the $26,460 owed by SuperFresh to Plaintiff for the February 2, 2022 delivery there. Plaintiff alleges that it has issued a demand letter and biweekly invoices to Barr asking for the funds. *Id.* Plaintiff further alleges that it asked the owner of SuperFresh to pay for the tests received by the store on February 2, 2022, but that the owner said he had "cancelled the order through his 'broker' and that the broker had picked up the remaining OTC Test Kits two weeks earlier." *Id.* at 6.

Plaintiff brings five causes of action against Barr and the corporate entities: 1) open account; 2) breach of contract; 3) conversion; 4) unjust enrichment; 5) civil conspiracy. *Id.* at 6-11. Plaintiff claims that the Defendants are jointly and severally liable. Plaintiff asks for damages

from the breach of contract in addition to attorney's fees, costs, and interests. *Id.* at 13.

Defendant Brian Barr filed an answer to the complaint, pro se, on behalf of himself and at least B&B. R. Doc. 11. It is not clear if the answer is on behalf of Carribean Mist Products. Defendant generally denies liability. Defendant alleges that B&B never received any product from Plaintiff and therefore it did not owe Plaintiff money; Defendants further allege that "B&B informed Plaintiff that it was not responsible for the invoices as the untimely tender by Plaintiff to the customer was responsible for the failure of compliance with the terms of the purchase orders . . . ." R. Doc. 11 at 3. As to the causes of action, Defendants argue that the open accounts and breach of contract actions are stated under Louisiana law, which Defendants alleges does not apply. *Id.* at 3-4. Defendants deny the factual bases for the other causes of action. *Id.* at 4-6. Defendants also allege a number of affirmative defenses, including 1) this Court lacks jurisdiction due to jurisdictional amount; 2) Barr did not enter into agreement with Plaintiff; 3) Plaintiff's complaint sets forth orders against customers, not B&B/Barr; 4) Plaintiff failed to perform.

On July 17, 2023, this Court entered a default judgment in favor of the Plaintiff against Defendants B&B Products Manufacturing LLC and Caribbean Mist Products for failure to defend the matter. R. Doc. 18. Accordingly, those parties were terminated from the case leaving Barr as the only remaining defendant. *Id.* On November 16, 2023, the Plaintiff filed the instant motion. R. Doc. 25.

## II.     PRESENT MOTION

In its motion, Plaintiff argues that summary judgment in its favor is appropriate because of Defendant Barr's failure to respond to Plaintiff's discovery requests within thirty days. R. Doc. 25-1 at 9. It argues that the facts within its Requests for Admission are sufficient to establish all the elements of CovidScan's claims. Accordingly, it argues that pursuant to Federal Rule of Civil

Procedure 36(a), Barr's failure to respond to Plaintiff's Requests for Admission within thirty days deems the facts asserted as admitted by default. *Id.* at 8-9. Thus, it prays that this Court grant summary judgment in its favor regarding all of five of its claims because there is no genuine dispute of material fact. *Id.* at 1.

### III. LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (internal citation omitted). If the nonmovant fails to respond to the motion, a court may not "enter a 'default' summary judgment" for the movant, however a court is permitted "to accept [movant's] evidence as undisputed." *Preston v. Hertz Corp.*, 2003 WL 22938921, at *1 (N.D. Tex. Nov. 26, 2003); *Thorn v. RaceTrac Petroleum Inc.*, 2022 WL 965095, at *1 (5th Cir. Mar. 30, 2022) ("After [plaintiff] failed to file a timely response, the district court was entitled to accept as undisputed the facts offered in support of [defendant's] summary-judgment motion.").

Federal Rule of Civil Procedure 36(a)(3) provides that "[a] matter is admitted unless, within 30 days of being served, the party to whom the request is directed serves on the requesting

party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a). Courts have long held that summary judgment is warranted when a party does not respond to Rule 36 requests on material facts. *See. e.g., Poon-Atkins v. Sappington*, No. 21-60467, 2022 WL 102042, *1, *1 (5th Cir. Jan. 10, 2022); *Hulsey v. State of Tex.*, 929 F.2d 168,171 (5th Cir. 1991). Further, Federal Rule of Civil Procedure 56(c) explains that "admissions on file" are a proper basis for granting summary judgment. Fed. R. Civ. P. 56(c). "A party who makes an admission, whether express or by default, is bound by that admission for summary judgment purposes—not even contrary evidence can overcome an admission at the summary judgment stage." *Poon-Atkins*, 2022 WL 102042, at *1. Accordingly, if a party wishes to avoid the consequences of failing to timely respond to Rule 36 discovery requests, it must—pursuant to Federal Rule of Civil Procedure 36(b)—move the court to withdraw or amend the default admissions. Fed. R. Civ. P. 36(b).

## IV.   ANALYSIS

Plaintiff contends that it is entitled to summary judgment on its claims because of Barr's deemed admissions pursuant to Rule 36. R. Doc. 25-1 at 9.

When, as true here, "requests for admission concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." *Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006) (internal citation omitted). Law binding on this Circuit consistently holds that this rule applies to pro se parties as well. *Id.*; *see also Cottrell v. Career Inst. Inc.*, 1 F.3d 1237, 1237 5th Cir. 1993 (affirming district court's decision to grant summary judgment on the pro se plaintiff's admissions deemed by default).

Barr was served with Plaintiff's Interrogatories, Requests for Production, and Requests for

Admission on June 12, 2023. R. Doc. 25-1 at 9. Barr has failed to file a response to any of Plaintiff's Requests for Admission. *Id.* Barr's failure to respond stretches far past the Federal Rule's thirty-day requirement. Additionally, Barr has not respponded in opposition to the summary judgment filed by CovidScan nor has he filed a Rule 36(b) motion to withdraw or amend the default admissions. Accordingly, the only matter left for the Court to resolve is whether the facts admitted by Barr sufficiently establish each element of Plaintiff's five claims.

  First, Plaintiff avers that its claim for open account is established under La. Stat. Ann. § 9:2781.[1] Louisiana law defines "open account" as "any account for which a part or all of the balance is past due." *Id.* To recover under this cause of action, the creditor must prove the account exists through the regular course of business and through supporting testimony. *24/7 Restoration Specialists, LLC v. Young*, No. 22-1948, 2022 WL 5241934 (E. D. La. Oct. 6, 2022). By failing to respond to the Requests for Admissions, Barr admitted that an agreement existed between himself and Plaintiff regarding the sale of COVID-19 testing kits. R. Doc. 25-3 at No. 7. He further admitted that there is an outstanding balance on this account. *Id.* at No. 4. Plaintiff invoiced Barr for this purchase and failed to pay the entire balance. R. Doc. 25-2 at 3. Additionally, a representative for the plaintiff testifies that the plaintiff has been invoicing Barr biweekly for the remaining balance of $65,580.00. *Id.* Because the evidence conclusively establishes Plaintiff's open account claim and that there is no genuine issue of material fact, summary judgment is granted.

  Second, Plaintiff argues that its state breach of contract claim is established.[2] The Court

---

[1] Relevant parts of La. Rev. Stat. § 9:2781(A) provide that: "[w]hen any person fails to pay an open account within thirty days after the claimant sends written demand therefore correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim."

[2] To prove a breach of contract claim under Louisiana law, a plaintiff must establish that (1) the obligor undertook an obligation to perform; (2) the obligor failed to perform; (3) the breach caused damages to the obligee. *Kloeckner Metals Corp. v. Baker Sales, Inc.*, No. 12-1881, 2013 WL 818923 (E.D. La. Mar 5. 2013).

agrees. Documents in the record demonstrate that the terms and conditions of the sale in at least five of the invoices issued by the plaintiff indicate that Barr was to pay the purchase price for the goods upon receipt. R. Doc 1-5 and 1-6. As already explained, despite admitting to the existence of a contract, Barr has failed to pay the entire price of the delivered goods. Barr's failure to pay caused financial harm to the Plaintiff. Accordingly, the Court finds that Plaintiff satisfied its burden to establish its breach of contract claim.

Because the Court finds that CovidScan prevails on its open account and breach of contract claims, summary judgment is denied on its unjust enrichment claim. To prove a claim for unjust enrichment, plaintiffs must show (1) enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) there must be no other remedy at law available to the plaintiff. *McCullum v. McAlister's Corp. of Miss.*, No. 08-5050, 2010 WL 4064309, (E. D. La. Oct. 14, 2010). Because the Court find that CovidScan successfully establishes its claims for open account and breach of contract, it does not meet the fifth element to prove unjust enrichment. Accordingly, summary judgment is denied on this claim.

Regarding Plaintiff's claim for conversion, summary judgment is denied. The record does not permit the Court at this time to resolve this issue. Though the court finds that Plaintiff's arguments on its conversion claim as persuasive, Plaintiff failed to include relief that it seeks in the event that the Court finds in its favor on those claims.

Similarly, the Court denies summary judgment on Plaintiff's claim for civil conspiracy. To impose liability for civil conspiracy, plaintiff must prove that "(1) an agreement existed with one or more persons to commit an illegal or tortious action; (2) the act was actually committed; (3) the act resulting in plaintiff's injury; and (4) there was an agreement as to the intended outcome or

result." *Doe v. McKesson*, 945 F.3d 818, 826 (5th Cir. 2019), *vacated on other grounds*, 592 U.S. 1 (2020). Though it is admitted by default that Barr and his companies brokered deals between the Plaintiff and the various supermarkets, and that Plaintiff was never paid, these facts alone do not establish that Barr agreed to "commit an illegal or tortious action." *Id.* Neither do these undisputed facts establish that "there was an agreement as to the intended outcome or result." *Id.* Because the facts, as argued by the Plaintiff in its motion, do not conclusively establish each element of its claim for civil conspiracy, the Court denies summary judgment.

Though the Court is sympathetic to the hardships that pro se parties endure in litigation, pro se parties "disregard for deadlines and the Federal Rules cannot be overlooked." *Hill*, 197 Fed. App'x. at 337. Further, Rule 36 "unambiguously states that when a request [for admission] goes unaddressed for more than 30 days, it is admitted." *Id.* Because Barr has failed to comport to the deadlines in this matter and his admissions go directly in favor of the essential elements of CovidScan's open account and breach of contract claims, this Court must grant summary judgment on those claims.

V.  **CONCLUSION**

The Court grants CovidScan LLC's motion for summary judgment, in part, and awards CovidScan LLC $65,580 for unpaid balance pursuant to its claims for open account and breach of contract. The Court denies summary judgment on CovidScan LLC's unjust enrichment claim because it prevails on its open account and breach of contract claims. The Court further denies the claims based on conversion and civil conspiracy, however, CovidScan LLC reserves the right to urge these claims again in a subsequent motion for summary judgment to address the issues outlined by the Court in this order. CovidScan LLC is entitled to attorney's fees and interest pursuant to its open account claim, but the amount cannot be determined on the present record.

Accordingly, a hearing will be held on January 17, 2024, at 9:00am, to calculate the attorney's fees, pre and post-judgment interest owed to CovidScan LLC. By January 10, 2024, Plaintiff should submit time records and other relevant documents to justify an award of attorney's fees and costs for the Court to review.

New Orleans, Louisiana this 13th day of December, 2023.

_____
United States District Judge