UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COVIDSCAN, LLC** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 22-5411** |
| **BRIAN BARR ET AL.** | * | **SECTION L(2)** |

## ORDER & REASONS

The Court presently has a hearing set for January 17, 2024, to determine the attorneys' fees that CovidScan LLC is entitled to pursuant to its open account claim. R. Doc. 27. Having considered the supplemental briefing and the applicable law, the Court rules as follows. Accordingly, the hearing set for January 27, 2024, is cancelled.

### I.    BACKGROUND

The Court is familiar with the factual history of this case and will not reproduce it in full here. For this order, the relevant background is as follows.

This case arises out of an alleged breach of contract by Defendant Brian Barr, a domiciliary of Pennsylvania and two entities: B&B Products Manufacturing and Carribean Mist Products. R. Doc. 1 at 1. On July 17, 2023, this Court entered a default judgment in favor of the Plaintiff against Defendants B&B Products Manufacturing LLC and Caribbean Mist Products for failure to defend the matter. R. Doc. 18. Accordingly, those parties were terminated from the case leaving Barr as the only remaining defendant. *Id.*

On December 13, 2023, this Court granted Plaintiff's motion for summary judgment on its claims for open account and breach of contract. R. Doc. 27. In doing so, the Court awarded Plaintiff $65,580 for its unpaid balance. Pursuant to its open account claim, Plaintiff was also entitled to reasonable attorneys' fees; however, supplemental briefing was necessary to determine that

amount. Plaintiff submitted said briefing on January 10, 2024. R. Doc. 28.

## II.  LAW AND DISCUSSION

In relevant part, Louisiana Revised Statutes § 9:2781 states that "[w]hen any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, the person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment is rendered in favor of the claimant. La. Stat. Ann. § 9:2781(A).

Here, Plaintiff has met all elements required by the statute to be awarded reasonable attorneys' fees: (1) it sent Defendant Barr a written demand for its unpaid balance, (2) Defendant failed to answer the demand, and as a result, (3) the Court rendered a judgment in favor of the Plaintiff on its open account claim. R. Doc. 27.

In its memorandum, Plaintiff seeks an award of $13,857.50 for its attorneys' fees. To support this calculation, it submitted various time sheets detailing the amount billed to CovidScan by its counsel at Staines, Eppling and Kenney. *See* R. Doc. 28-1 at 5; R. Doc. 25-4 at 5-7. Further, Plaintiff submitted two sworn declarations for attorneys that worked on this matter attesting to the veracity of the documents and legal services rendered by the law firm. R. Doc. 25-4 at 1; R. Doc. 28-1 at 1. In one of the declarations, the attorney testified that the hourly rate used to render his services "to be within acceptable rates for [his] attorney peers in this jurisdiction for business/commercial matters." R. Doc. 25-4 at 2. The Court agrees. An award of $13,857.50 for attorneys' fees is 21.1% of the unpaid balance, $65,580, that Plaintiff was previously awarded. The Court finds this amount to be reasonable based on the work completed by Plaintiff's counsel in this matter.

Further, the Court does not find that the Plaintiff is entitled to interest. The state open

account statute neither provides for an award of interest and Plaintiff's supplemental memorandum does not cite to any agreement or law that would justify an award of pre- or post-judgment interest. *See Salley & Salley v. Stoll*, 03-807 (La. App. 5 Cir. 12/9/03), 864 So. 2d 698 (holding that a law firm failed to comply the technical terms of the statute when imposing interest on unpaid legal feels that were not provided for in the contract with the former client); *see also Owl Const. Co. v. Ronald Adams Contractor, Inc.*, 642 F. Supp. 475 (E.D. La. 1986) (finding that the seller was unjustly enriched when collecting interest in addition to 25% attorney fees when the contract for goods did not provide for payment of interest). Additionally, Plaintiff does not seek interest.

Accordingly, for the foregoing reasons, the Court finds Plaintiff's requested amount for attorneys' fees to be reasonable. **IT IS ORDERED** that attorneys' fees in the amount of $13,857.50 be awarded to the Plaintiff. In conjunction with the Court's previous award for CovidScan LLC's unpaid balance of $65,580, this would total to an award of $79,437.50. **IT IS FURTHER ORDERED** that the hearing scheduled for January 17, 2024, at 9:00 A.M. C.S.T. be **CANCELLED**.

New Orleans, Louisiana, this 16th day of January, 2024.

_____
United States District Judge